**CIVIL COVER SHEET**

**I. CASE STYLE**

DAVID ZINN, an individual, and MICHAEL GRAFF, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

SERVICE CORPORATION INTERNATIONAL, a Texas corporation; SCI FUNERAL SERVICES OF FLORIDA, INC., a Florida corporation; ALDERWOODS GROUP, INC., a Delaware corporation; MHI GROUP, INC., a Florida corporation; FUNERAL SERVICES ACQUISITION GROUP, a Florida corporation; FUNERAL SERVICES ACQUISITION GROUP, LLC, a Florida limited liability company; HAUCK ENTERPRISES, LTD., a Texas corporation; and RUSTY SCOTT, an individual.

Defendants.

_____/

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY FLORIDA

CASE NO. 2012 CA 006536 XXXX

**CLASS REPRESENTATION**

*AG*

FILED
2012 APR -5 AM 9:04
SHARON R. BOCK, CLERK
PALM BEACH COUNTY
CIRCUIT CIVIL

**II. TYPE OF CASE** (Place an X in one box only. If the case fits more than one type of case, select the most definitive category. If the most descriptive label is a sub-category (is indented under a broader category), place an x in both the main category and sub-category boxes).

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence – Other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental / Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☒ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products Liability
☐ Real Property / Mortgage Foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999

☐ Commercial foreclosure $250,000 or more
☐ Homestead residential foreclosure
  $0- $50,000
☐ Homestead residential foreclosure
  $50,001 - $249,999
☐ Homestead residential foreclosure
  $250,000 or more
☐ Non-Homestead residential foreclosure
  $0-$50,000
☐ Non-Homestead residential foreclosure
  $50,001 - $249,999
☐ Non-Homestead residential foreclosure
  $250,000 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions
  $50,001 - $249,999
☐ Other real property actions $250,000 or more
☐ Professional Malpractice
  ☐ Malpractice – business

Exhibit "D"

☐ Malpractice – medical
☐ Malpractice – other professional
☐ Other
   ☐ Antitrust / Trade regulation
   ☐ Business transactions
   ☐ Constitutional challenge – statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate trusts

☐ Discrimination –employment or other
☐ Insurance claims
☐ Intellectual property
☐ Libel / Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

**III.** **REMEDIES SOUGHT** (check all that apply):
     ☒ Monetary
     ☒ Non-Monetary declaratory or injunctive relief
     ☐ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION** [ 6 ]
     (1) Violations of Florida's Deceptive Trade Practices Act—Florida Statute § 501.201 et seq., (2) Violations of Florida's Funeral, Cemetery, and Consumer Services Act—Florida Statute § 497.001 et seq., (3) Negligence, (4) Tortious Interference With Dead Bodies, (5) Equitable/Injunctive Relief, and (6) Intentional Infliction of Emotion Distress.

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☒ Yes
     ☐ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ No
     ☐ Yes.  If "Yes", list all related cases by name, case number and court
     _____
     _____

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ Yes
     ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

**Edward M. Ricci, Esq.** _____
Attorney or Party

_____
(Type or print name)

Florida Bar No: \_\_\_\_**185673**\_\_\_\_

Date: \_\_\_**April 5, 2012**_____

**EDWARD M. RICCI, P.A.**
303 Banyan Blvd., Suite 400
West Palm Beach, FL. 33401
(561) 842-2820
Attorneys for Plaintiff

# RETURN OF SERVICE

**State of Florida**                    **County of Palm Beach**                    **Circuit Court**

Case Number: 2012CA006536XXXXMBAG

Plaintiff:
**DAVID ZINN, AN INDIVIDUAL, AND MICHAEL GRAFF, AN INDIVIDUAL,
ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED**

vs.

Defendant:
**SERVICE CORPORATION INTERNATIONAL, A TEXAS CORPORATION,
ET AL.**



For:
Edward M. Ricci, Esquire
EDWARD M. RICCI, ESQUIRE
303 Banyan Blvd. Suite 400
West Palm Beach, FL 33401

Received by C.W. SERVICES & ASSOCIATES, INC. on the 5th day of April, 2012 at 12:50 pm to be served on
**RUSTY SCOTT, 5411 OKEECHOBEE BLVD., WEST PALM BEACH, FL 33417.**

I, Alan J. Cutler, do hereby affirm that on the **5th day of April, 2012 at 2:41 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint, Demand For
Jury Trial and Letter Dated 4-5-2012** with the date and hour of service endorsed thereon by me, to: **RUSTY
SCOTT** at the address of: **5411 OKEECHOBEE BLVD., LJ MORRIS FUNERAL DIRECTORS, WEST PALM
BEACH, FL 33417,** and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, defendant is not in the military service of the United States.

**Description** of Person Served:  Age: 57,  Sex: M,  Race/Skin Color: W,  Height: 6-4,  Weight: 240,  Hair: Reddish,
Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in
good standing in the judicial circuit in which the process was served. Under Penalties of Purjury, I Declare I have
Read the Foregoing Document and the Facts Stated in it are True. No Notary is Required Pursuant to Florida State
Statute 92.525(2)

Alan J. Cutler
Court Officer #843

**C.W. SERVICES & ASSOCIATES, INC.**
**4908 Grassleaf Drive**
**Palm Beach Gardens, FL 33418**
**(561) 630-4866**

Our Job Serial Number: CWO-2012007879

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4x



April 5, 2012

**Via Personal Service**

Rusty Scott
5411 Okeechobee Blvd.
West Palm Beach, FL

Re:   **Preservation Letter in connection with Zinn v. Service Corporation**
**International, et al.**

Dear Mr. Scott:

Please be advised that this firm represents Plaintiffs David Zinn and Michael Graff in connection with the civil class action styled *Zinn v. Service Corporation International, et al.* commenced in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County Florida (hereinafter "the Star of David Action").

In connection with the Star of David Action, we request that you preserve all evidence, documents, tangible things and electronically stored information, including but not limited to e-mails, ("ESI") potentially relevant to the issues in this case as well as all evidence, documents, tangible things and ESI that refers, reflects, pertains or in any way relates to the allegations in the complaint filed in this matter. This includes, but is not limited to, any and all evidence and documents relating or referring to:

(a) Improper disposal of human remains;

(b) Breaking of, and/or damage to, Outer Burial Containers;

(c) Misplacing of human remains and/or limbs;

(d) Interment records of Star of David Memorial Gardens Cemetery and Funeral Chapel and Bailey Memorial Gardens;

(e) Vault adjustments;

(f) Communication and/or correspondence with families and/or individuals concerning "vault disturbances" or "vault adjustments";

(g) Communication and/or correspondence with families and/or individuals concerning improper interment;

450 Newport Center Dr., 2nd Floor, Newport Beach, CA 92660      949.706.7000      949.706.7050

Rusty Scott
April 5, 2012
Page 2

(h) Communication and/or correspondence with the State of Florida; and

(i) Personnel files and records of all current and former employees associated with Star of David Memorial Gardens Cemetery and Funeral Chapel and Bailey Memorial Gardens, including but not limited to all managers and groundskeepers.

As used in this document, "you" refers to Rusty Scott and any and all subsidiaries and related entities including, but not limited to, Service Corporation International SCI Funeral Services of Florida, Inc., Alderwoods Group, Inc., MHI Group, Inc., Funeral Services Acquisition Group, Inc., and/or Funeral Services Acquisition Group, LLC.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones). ESI should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, GHO)

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

Rusty Scott
April 5, 2012
Page 3

You are further directed to immediately initiate a litigation hold for potentially relevant ESI, evidence, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. This includes the immediate suspension of any and all policies relating to the destruction of evidence, documents and tangible things.

You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or device;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems may contain potentially relevant data. To the extent that potentially relevant ESI was created or reviewed away from the office on home or portable systems, you must preserve the contents of systems, devices and media used for these purposes.

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that are subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, consultant, expert, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

As hard copies of ESI do not preserve electronic searchability or metadata (information describing the history and characteristics of particular ESI), they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

Rusty Scott
April 5, 2012
Page 4

*You must act immediately to preserve any and all potentially relevant evidence, documents, tangible things and ESI.*

Very truly yours,

Michael J. Avenatti
Eagan Avenatti, LLP

MJA:jkr

cc:   Gregory T. Sangalis (fax, e-mail, Federal Express)
      General Counsel
      Service Corporation International

# RETURN OF SERVICE

**State of Florida**               **County of Palm Beach**                          **Circuit Court**

*Case Number: 2012CA006536XXXXMBAG*

*Plaintiff:*
**DAVID ZINN, AN INDIVIDUAL, AND MICHAEL GRAFF, AN INDIVIDUAL,
ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED**

*vs.*

*Defendant:*
**SERVICE CORPORATION INTERNATIONAL, A TEXAS
CORPORATION, ET AL.**

*For:*
*Edward M. Ricci, Esquire
EDWARD M. RICCI, ESQUIRE
303 Banyan Blvd. Suite 400
West Palm Beach, FL 33401*



*Received by C.W. SERVICES on the 5th day of April, 2012 at 2:20 pm to be served on* **MHI GROUP INC. BY
SERVICE UPON ITS REGISTERED AGENT CORPORATION SERVICE COMPANY, 1201 HAYS STREET,
TALLAHASSEE, FL 32301.**

*I, ERIC L. LARSON, do hereby affirm that on the* **5th day of April, 2012** *at* **3:00 pm, I:**

*served a* **CORPORATION** *by* **serving** *a true copy of the* **Summons and Complaint, Demand For Jury Trial and
Letter Dated 4-5-2012** *with the date and hour of service endorsed thereon by me, to:* **JOYCE MARKLEY** *as*
**EMPLOYEE FOR REGISTERED AGENT** *for* **MHI GROUP INC.,** *at the address of:* **1201 HAYS STREET,
TALLAHASSEE, FL 32301,** *and informed said person of the contents therein, in compliance with state statutes.*

**Additional Information pertaining to this Service:**
*JOYCE MARKLEY: WF, 55 YRS, 5'6", 140 LBS, BLACK HAIR, EMPLOYEE FOR RA AUTHORIZED TO ACCEPT
SERVICE*

*Under penalty of perjury, I declare that I have read the forgoing Verified return of Service and the facts stated in it
are true, that I that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated
facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.*



**ERIC L. LARSON**
*CPS #063, 2ND JUDICIAL CIRCUIT*

**C.W. SERVICES**
**4908 Grassleaf Drive**
**Palm Beach Gardens, FL 33418**
**(561) 630-4866**

*Our Job Serial Number: CWO-2012007876
Ref: 7876*

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5f



Eagan
Avenatti LLP

April 5, 2012

**Via Personal Service**

MHI Group, Inc.
1929 Allen Parkway
Houston, TX 77019

By service on their agent:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

Re:     **Preservation Letter in connection with Zinn v. Service Corporation International, et al.**

Dear Sirs:

Please be advised that this firm represents Plaintiffs David Zinn and Michael Graff in connection with the civil class action styled *Zinn v. Service Corporation International, et al.* commenced in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County Florida (hereinafter "the Star of David Action").

In connection with the Star of David Action, we request that you preserve all evidence, documents, tangible things and electronically stored information, including but not limited to e-mails, ("ESI") potentially relevant to the issues in this case as well as all evidence, documents, tangible things and ESI that refers, reflects, pertains or in any way relates to the allegations in the complaint filed in this matter. This includes, but is not limited to, any and all evidence and documents relating or referring to:

(a) Improper disposal of human remains;

(b) Breaking of, and/or damage to, Outer Burial Containers;

(c) Misplacing of human remains and/or limbs;

(d) Interment records of Star of David Memorial Gardens Cemetery and Funeral Chapel and Bailey Memorial Gardens;

(e) Vault adjustments;

MHI Group, Inc.
April 5, 2012
Page 2

(f) Communication and/or correspondence with families and/or individuals concerning "vault disturbances" or "vault adjustments";

(g) Communication and/or correspondence with families and/or individuals concerning improper interment;

(h) Communication and/or correspondence with the State of Florida; and

(i) Personnel files and records of all current and former employees associated with Star of David Memorial Gardens Cemetery and Funeral Chapel and Bailey Memorial Gardens, including but not limited to all managers and groundskeepers.

As used in this document, "you" refers to MHI Group, Inc. and any and all subsidiaries and related entities including, but not limited to, Service Corporation International, SCI Funeral Services of Florida, Inc., Alderwoods Group, Inc., Funeral Services Acquisition Group, Inc., Funeral Services Acquisition Group, LLC, and/or Rusty Scott.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones). ESI should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, GHO)

MHI Group, Inc.
April 5, 2012
Page 3

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

You are further directed to immediately initiate a litigation hold for potentially relevant ESI, evidence, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. This includes the immediate suspension of any and all policies relating to the destruction of evidence, documents and tangible things.

You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or device;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems may contain potentially relevant data. To the extent that potentially relevant ESI was created or reviewed away from the office on home or portable systems, you must preserve the contents of systems, devices and media used for these purposes.

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that are subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, consultant, expert, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

As hard copies of ESI do not preserve electronic searchability or metadata (information describing the history and characteristics of particular ESI), they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

MHI Group, Inc.
April 5, 2012
Page 4


**_You must act immediately to preserve any and all potentially relevant evidence,_**
**_documents, tangible things and ESI._**

Very truly yours,

Michael J. Avenatti
Eagan Avenatti, LLP


MJA:jkr

## RETURN OF SERVICE

**State of Florida**  **County of Palm Beach**  **Circuit Court**

Case Number: 2012CA006536XXXXXMBAG

Plaintiff:
**DAVID ZINN, AN INDIVIDUAL, AND MICHAEL GRAFF, AN INDIVIDUAL,
ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED**

vs.

Defendant:
**SERVICE CORPORATION INTERNATIONAL, A TEXAS
CORPORATION, ET AL.**



For:
Edward M. Ricci, Esquire
EDWARD M. RICCI, ESQUIRE
303 Banyan Blvd. Suite 400
West Palm Beach, FL 33401

Received by C.W. SERVICES on the 5th day of April, 2012 at 2:14 pm to be served on **FUNERAL SERVICES
ACQUISITION GROUP LLC. BY SERVICE UPON ITS REGISTERED AGENT CORPORATION SERVICE
COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, ERIC L. LARSON, do hereby affirm that on the **5th day of April, 2012** at **3:00 pm, I:**

served a **CORPORATION** by **serving** a true copy of the **Summons and Complaint, Demand For Jury Trial and
Letter Dated 4-5-2012** with the date and hour of service endorsed thereon by me, to: **JOYCE MARKLEY** as
**EMPLOYEE FOR REGISTERED AGENT** for **FUNERAL SERVICES ACQUISITION GROUP LLC.**, at the address
of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in
compliance with state statutes.

**Additional Information pertaining to this Service:**
JOYCE MARKLEY: WF, 55 YRS, 5'6", 140 LBS, BLACK HAIR, EMPLOYEE FOR RA AUTHORIZED TO ACCEPT
SERVICE

Under penalty of perjury,  I declare that I have read the forgoing Verified return of Service and the facts stated in it
are true, that  I that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated
facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.

**ERIC L. LARSON**
CPS #063, 2ND JUDICIAL CIRCUIT

**C.W. SERVICES**
**4908 Grassleaf Drive**
**Palm Beach Gardens, FL 33418**
**(561) 630-4866**

Our Job Serial Number: CWO-2012007874
Ref: 7874

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5f



April 5, 2012

**<u>Via Personal Service</u>**

Funeral Services Acquisition Group, LLC
1929 Allen Parkway
Houston, TX 77019

By service on their agent:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

    Re:    <u>**Preservation Letter in connection with Zinn v. Service Corporation**</u>
               <u>**International, et al.**</u>

Dear Sirs:

    Please be advised that this firm represents Plaintiffs David Zinn and Michael Graff in connection with the civil class action styled *Zinn v. Service Corporation International, et al.* commenced in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County Florida (hereinafter "the Star of David Action").

    In connection with the Star of David Action, we request that you preserve all evidence, documents, tangible things and electronically stored information, including but not limited to e-mails, ("ESI") potentially relevant to the issues in this case as well as all evidence, documents, tangible things and ESI that refers, reflects, pertains or in any way relates to the allegations in the complaint filed in this matter. This includes, but is not limited to, any and all evidence and documents relating or referring to:

    (a) Improper disposal of human remains;

    (b) Breaking of, and/or damage to, Outer Burial Containers;

    (c) Misplacing of human remains and/or limbs;

    (d) Interment records of Star of David Memorial Gardens Cemetery and Funeral Chapel and Bailey Memorial Gardens;

    (e) Vault adjustments;

Funeral Services Acquisition Group, LLC
April 5, 2012
Page 2

    (f) Communication and/or correspondence with families and/or individuals concerning "vault disturbances" or "vault adjustments";

    (g) Communication and/or correspondence with families and/or individuals concerning improper interment;

    (h) Communication and/or correspondence with the State of Florida; and

    (i) Personnel files and records of all current and former employees associated with Star of David Memorial Gardens Cemetery and Funeral Chapel and Bailey Memorial Gardens, including but not limited to all managers and groundskeepers.

As used in this document, "you" refers to Funeral Services Acquisition Group, LLC and any and all subsidiaries and related entities including, but not limited to, Service Corporation International, SCI Funeral Services of Florida, Inc., Alderwoods Group, Inc., MHI Group, Inc., Funeral Services Acquisition Group, Inc., and/or Rusty Scott.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones).  ESI should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, GHO)

Funeral Services Acquisition Group, LLC
April 5, 2012
Page 3

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

You are further directed to immediately initiate a litigation hold for potentially relevant ESI, evidence, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. This includes the immediate suspension of any and all policies relating to the destruction of evidence, documents and tangible things.

You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or device;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems may contain potentially relevant data. To the extent that potentially relevant ESI was created or reviewed away from the office on home or portable systems, you must preserve the contents of systems, devices and media used for these purposes.

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that are subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, consultant, expert, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

As hard copies of ESI do not preserve electronic searchability or metadata (information describing the history and characteristics of particular ESI), they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

Funeral Services Acquisition Group, LLC
April 5, 2012
Page 4


*You must act immediately to preserve any and all potentially relevant evidence, documents, tangible things and ESI.*

Very truly yours,

Michael J. Avenatti
Eagan Avenatti, LLP

MJA:jkr

## RETURN OF SERVICE

**State of Florida**                    **County of Palm Beach**                    *Circuit Court*

Case Number: 2012CA006536XXXXMBAG

Plaintiff:
**DAVID ZINN, AN INDIVIDUAL, AND MICHAEL GRAFF, AN INDIVIDUAL,
ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY
SITUATED**

vs.

Defendant:
**SERVICE CORPORATION INTERNATIONAL, A TEXAS
CORPORATION, ET AL.**



For:
Edward M. Ricci, Esquire
EDWARD M. RICCI, ESQUIRE
303 Banyan Blvd. Suite 400
West Palm Beach, FL 33401

Received by C.W. SERVICES on the 5th day of April, 2012 at 2:15 pm to be served on **FUNERAL SERVICES
ACQUISITION GROUP BY SERVICE UPON ITS REGISTERED AGENT CORPORATION SERVICE COMPANY,
1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, ERIC L. LARSON, do hereby affirm that on the **5th day of April, 2012** at **3:00 pm, I:**

served a **CORPORATION** by **serving** a true copy of the **Summons and Complaint, Demand For Jury Trial and
Letter Dated 4-5-2012** with the date and hour of service endorsed thereon by me, to: **JOYCE MARKLEY** as
**EMPLOYEE FOR REGISTERED AGENT** for **FUNERAL SERVICES ACQUISITION GROUP**, at the address of:
**1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in
compliance with state statutes.

**Additional Information pertaining to this Service:**
JOYCE MARKLEY: WF, 55 YRS, 5'6", 140 LBS, BLACK HAIR, EMPLOYEE FOR RA AUTHORIZED TO ACCEPT
SERVICE

Under penalty of perjury, I declare that I have read the forgoing Verified return of Service and the facts stated in it
are true, that I that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated
facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.

ERIC L. LARSON
CPS #063, 2ND JUDICIAL CIRCUIT

**C.W. SERVICES**
**4908 Grassleaf Drive**
**Palm Beach Gardens, FL 33418**
**(561) 630-4866**

Our Job Serial Number: CWO-2012007875
Ref: 7875

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5f



Eagan
Avenatti LLP

April 5, 2012

**Via Personal Service**

Funeral Services Acquisition Group, Inc.
17250 W. Dixie Highway
N. Miami Beach, FL 33160

By service on their agent:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

Re:   **Preservation Letter in connection with Zinn v. Service Corporation**
**International, et al.**

Dear Sirs:

Please be advised that this firm represents Plaintiffs David Zinn and Michael Graff in connection with the civil class action styled *Zinn v. Service Corporation International, et al.* commenced in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County Florida (hereinafter "the Star of David Action").

In connection with the Star of David Action, we request that you preserve all evidence, documents, tangible things and electronically stored information, including but not limited to e-mails, ("ESI") potentially relevant to the issues in this case as well as all evidence, documents, tangible things and ESI that refers, reflects, pertains or in any way relates to the allegations in the complaint filed in this matter. This includes, but is not limited to, any and all evidence and documents relating or referring to:

(a) Improper disposal of human remains;

(b) Breaking of, and/or damage to, Outer Burial Containers;

(c) Misplacing of human remains and/or limbs;

(d) Interment records of Star of David Memorial Gardens Cemetery and Funeral Chapel and Bailey Memorial Gardens;

(e) Vault adjustments;

Funeral Services Acquisition Group, Inc.
April 5, 2012
Page 2

   (f) Communication and/or correspondence with families and/or individuals concerning "vault disturbances" or "vault adjustments";

   (g) Communication and/or correspondence with families and/or individuals concerning improper interment;

   (h) Communication and/or correspondence with the State of Florida; and

   (i) Personnel files and records of all current and former employees associated with Star of David Memorial Gardens Cemetery and Funeral Chapel and Bailey Memorial Gardens, including but not limited to all managers and groundskeepers.

As used in this document, "you" refers to Funeral Services Acquisition Group, Inc. and any and all subsidiaries and related entities including, but not limited to, Service Corporation International, SCI Funeral Services of Florida, Inc., Alderwoods Group, Inc., MHI Group, Inc., Funeral Services Acquisition Group, LLC, and/or Rusty Scott.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones). ESI should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, GHO)

Funeral Services Acquisition Group, Inc.
April 5, 2012
Page 3

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

You are further directed to immediately initiate a litigation hold for potentially relevant ESI, evidence, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. This includes the immediate suspension of any and all policies relating to the destruction of evidence, documents and tangible things.

You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or device;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems may contain potentially relevant data. To the extent that potentially relevant ESI was created or reviewed away from the office on home or portable systems, you must preserve the contents of systems, devices and media used for these purposes.

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that are subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, consultant, expert, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

As hard copies of ESI do not preserve electronic searchability or metadata (information describing the history and characteristics of particular ESI), they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

Funeral Services Acquisition Group, Inc.
April 5, 2012
Page 4


**_You must act immediately to preserve any and all potentially relevant evidence,
documents, tangible things and ESI._**

Very truly yours,

Michael J. Avenatti
Eagan Avenatti, LLP

MJA:jkr

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY
FLORIDA

DAVID ZINN, an individual, and MICHAEL
GRAFF, an individual, on behalf of themselves
and all others similarly situated,

CASE NO: 2012CA006536AG

**CLASS REPRESENTATION**

Plaintiffs,

vs.

SERVICE CORPORATION INTERNATIONAL,
a Texas corporation; SCI FUNERAL SERVICES
OF FLORIDA, INC., a Florida corporation;
ALDERWOODS GROUP, INC., a Delaware
corporation; MHI GROUP, INC., a Florida
corporation; FUNERAL SERVICES
ACQUISITION GROUP, a Florida corporation;
FUNERAL SERVICES ACQUISITION GROUP,
LLC, a Florida limited liability company;
HAUCK ENTERPRISES, LTD., a Texas
corporation; and RUSTY SCOTT, an individual.

Defendants.

_____/

## PLAINTIFF DAVID ZINN'S FIRST REQUEST TO PRODUCE TO

## DEFENDANT SCI FUNERAL SERVICES OF FLORIDA, INC.

In accordance with Florida Rule of Civil Procedure 1.350, Plaintiff David Zinn, by and

through his attorneys, demands that Defendant SCI Funeral Services of Florida, Inc. produce the

items and matters hereinafter set forth.

YOUR ATTENTION IS INVITED TO THE REQUIREMENTS OF RULE 1.350

WHEREIN THE PARTY TO WHOM THIS REQUEST IS DIRECTED IS REQUIRED

TO SERVE A WRITTEN RESPONSE HERETO WITHIN 30 DAYS AFTER SERVICE

OF THE REQUEST, EXCEPT THAT A DEFENDANT MAY SERVE A RESPONSE

WITHIN 45 DAYS AFTER SERVICE OF THE PROCESS AND INITIAL PLEADING

1

ON THAT DEFENDANT SUBJECT TO THE ALLOWANCE OF A SHORTER OR LONGER TIME BY THE COURT.

IT IS REQUIRED THAT ALL COPIES OF ITEMS PRODUCED BE AT LEAST FULL SIZE (8 ½ X 11 OR 8 ½ X 14) AND LEGIBLE.

## **DEFINITIONS**

The following definitions are applicable to these Requests to Produce:

1.  The word "DOCUMENT(S)" is used in the broadest sense to include all forms of tangible expression, including, but not limited to, correspondence; written, typed, punched, encoded, printed, recorded, magnetic, graphics, or photographic material; or material transmitted by facsimile; mechanical recordings; sound or visual reproductions; drawings or sketches; or any other retrievable data or information, however stored, recorded or coded, whether by computer, electronically or some other means, including electronic mail, computer data bases, computer disks, computer diskettes or any other computer-generated or stored message, communications, writing or compilation.

2.  The term "RELATED TO" and "REFLECTING" as used herein shall mean shall mean relating to, reflecting, evidencing, memorializing, referring, refuting, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, and/or otherwise relating to in any way, in whole or in part, the subject matter referred to in the request.

3.  The term "COMMUNICATION" as used herein shall mean and refer to any contact between two or more persons or entities including without limitation, correspondence or oral contact by such means as face-to-face or in-person meetings, telephone conversations, email, or any other form of electronic COMMUNICATION, and shall include, without limitation, written contacts by such means as any DOCUMENTS.

4.  The terms "YOU" and "YOUR" as used herein shall refer to the Defendant SCI FUNERAL SERVICES OF FLORIDA, INC., and/or all of its predecessors, successors in

2

interest, officers, directors, employees, agents, attorneys, parents, subsidiaries, divisions, affiliates, and/or any individual or entity acting on its behalf.

5. The term "HAUCK" as used herein shall refer to the Defendant HAUCK ENTERPRISES, LTD. and/or all of its predecessors, successors in interest, officers, directors, employees, agents, attorneys, parents, subsidiaries, divisions, affiliates, and/or any individual or entity acting on its behalf.

6. STAR OF DAVID refers to Star of David Memorial Gardens Cemetery and Funeral Chapel & Bailey Memorial Gardens located at 7701 Bailey Road, North Lauderdale, Florida.

7. The term "HUMAN REMAINS" as used herein shall having the same meaning as that set forth in Fla. Stat. § 497.005(38).

8. The terms "BURIAL MERCHANDISE" and "FUNERAL MERCHANDISE" shall have the same meaning as that set forth in Fla. Sta. § 497.005(6).

9. The term "BURIAL RIGHT" shall have the same meaning as that set forth in Fla. Sta. § 497.005(7).

10. The term "GRAVE SPACE" shall have the same meaning as that set forth in Fla. Sta. § 497.005(37).

11. The term "DISINTERMENT" shall have the same meaning as that set forth in Fla. Sta. § 497.005(29).

12. The term "LEGALLY AUTHORIZED PERSON" shall have the same meaning as that set forth in Fla. Sta. § 497.005(39).

13. The term "OUTER BURIAL CONTAINER" and "OBC" shall have the same meaning as that set forth in Fla. Sta. § 497.005(50).

14. The term "ALDERWOODS" refers to Alderwoods Group, Inc. and/or all of its predecessors, successors in interest, officers, directors, employees, agents, attorneys, parents, subsidiaries, divisions, affiliates, and/or any individual or entity acting on its behalf.

3

15.    The term "NEAL W. HIRSCHFELD" refers to attorney Neal W. Hirschfeld of the Greenspoon Marder law firm, and to any partners, shareholders, employees, associates, paralegals, secretaries, agents, and/or any individual or entity acting on his behalf or on behalf of the Greenspoon Marder law firm.

16.    The term "STEVEN SINGER" refers to attorney Steven Singer and to any partners, shareholders, employees, associates, paralegals, secretaries, agents, and/or any individual or entity acting on his behalf or on behalf of the law firm with which Mr. Singer is associated.

17.    The term "STEVEN OSBER" refers to attorney Steven Osber and to any partners, shareholders, employees, associates, paralegals, secretaries, agents, and/or any individual or entity acting on his behalf or on behalf of the law firm with which Mr. Osber is associated.

## **INSTRUCTIONS**

1.    To the extent DOCUMENTS are being produced in the form in which they are kept during the normal course of business, exact duplicates need not be produced more than once. To the extent DOCUMENTS are bring produced in response to individual requests, produce all DOCUMENTS responsive to the Request. To the extent DOCUMENTS have previously been produced, duplicates need not be produced so long as the responsive DOCUMENTS are identified by bates number.

2.    If you claim that a DOCUMENT was lost or destroyed, for each DOCUMENT that you claim was lost or destroyed, state fully:

        a.  the date the DOCUMENT was created;

        b.  the author(s) of the DOCUMENT;

        c.  the title of the DOCUMENT;

        d.  a description of the DOCUMENT;

        e.  the number of pages of the DOCUMENT;

        f.  the recipient(s) of the DOCUMENT; designated or otherwise;

g. the name and address of the last known custodian of the DOCUMENT;

h. the date the DOCUMENT was lost or destroyed;

i. the reason for the destruction of the DOCUMENT, if known;

j. the name(s) and address(es) of any person(s) who have knowledge of any

facts surrounding the loss or destruction of the DOCUMENT.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS RELATED TO or REFLECTING any COMMUNICATIONS between YOU and NEAL W. HIRSCHFELD during the time period January 1, 2008 to the present.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATED TO or REFLECTING any COMMUNICATIONS between YOU AND STEVEN SINGER during the time period January 1, 2008 to the present.

### REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATED TO or REFLECTING any COMMUNICATIONS between YOU AND STEVEN OSBER during the time period January 1, 2008 to the present.

### REQUEST FOR PRODUCTION NO. 4:

All deposition transcripts and sworn statements from January 1, 2008 to the present, which relate in any way to STAR OF DAVID and/or conduct at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATED TO or REFLECTING the employment of Danny or Daniel Behrend.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATED TO or REFLECTING the employment of Alan Fogelman.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATED TO or REFLECTING the employment of Edward Ashton.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATED TO or REFLECTING the dumping of any items (including but not limited to HUMAN REMAINS, BURIAL MERCHANDISE, and/or FUNERAL MERCHANDISE) in any body of water bordering, in whole or in part, STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATED TO or REFLECTING any work related travel by Steve Parker to Houston, Texas during the month of March 2012, including but not limited to all documents RELATED TO OR REFLECTING the purpose of the travel.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATED TO or REFLECTING any allegation of, or inquiry into, missing or misplaced body parts, limbs and/or HUMAN REMAINS at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATED TO or REFLECTING any grave disturbances at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATED TO or REFLECTING any OUTER BURIAL CONTAINER adjustments (e.g. "slide overs") at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATED TO or REFLECTING any misplacement of, or improper internment of, HUMAN REMAINS at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATED TO or REFLECTING any interment of Sidney or Betty Hyde, including but not limited to any COMMUNICATIONS regarding their HUMAN REMAINS.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATED TO or REFLECTING any interment of Miriam Advokat, including but not limited to any COMMUNICATIONS regarding their HUMAN REMAINS.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATED TO or REFLECTING YOUR acquisition of STAR OF DAVID, including but not limited to all due diligence related DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATED TO or REFLECTING any remediation efforts and/or remedial measures at STAR OF DAVID taken before April 5, 2012.

**REQUEST FOR PRODUCTION NO. 18:**

All movies or television shows permitted to be filmed at STAR OF DAVID during the time period January 1, 2008 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATED TO or REFLECTING any movies or television shows permitted to be filmed at STAR OF DAVID during the time period January 1, 2008 to the present.

**REQUEST FOR PRODUCTION NO. 20:**

All closing DOCUMENTS RELATED TO or REFLECTING YOUR acquisition of ALDERWOODS, including all due diligence related DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATED TO or REFLECTING any interviews of persons currently or formerly working at STAR OF DAVID RELATED TO OR REFLECTING allegations of misconduct, grave disturbances, OUTER BURIAL CONTAINER adjustments, and/or missing or misplaced HUMAN REMAINS.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATED TO or REFLECTING or REFLECTING individuals interred in a GRAVE SPACE at STAR OF DAVID other than the GRAVE SPACE for which they purchased the BURIAL RIGHT. [Note: This request applies regardless of whether the

8

individual is still interred in a GRAVE SPACE other than the one for which he or she purchased the BURIAL RIGHT.]

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATED TO or REFLECTING or REFLECTING GRAVE SPACES at STAR OF DAVID for which the BURIAL RIGHT the GRAVE SPACE has been sold more than once.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATED TO or REFLECTING or REFLECTING any presently unoccupied GRAVE SPACES at STAR OF DAVID where an OUTER BURIAL CONTAINER buried in an adjacent GRAVE SPACE is encroaching into the presently unoccupied GRAVE SPACE.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATED TO or REFLECTING any occupied GRAVE SPACES at STAR OF DAVID where, prior to the GRAVE SPACE being occupied, an OUTER BURIAL CONTAINER buried in an adjacent GRAVE SPACE encroached into the now occupied GRAVE SPACE.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATED TO or REFLECTING any DISINTERMENT performed at STAR OF DAVID without the consent of the LEGALLY AUTHORIZED PERSON.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATED TO or REFLECTING any OUTER BURIAL CONTAINER buried in the ground being moved at STAR OF DAVID without the consent of the LEGALLY AUTHORIZED PERSON.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATED TO or REFLECTING any HUMAN REMAINS moved at STAR OF DAVID without the consent of the LEGALLY AUTHORIZED PERSON.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATED TO or REFLECTING any OUTER BURIAL CONTAINER buried in the ground being moved to make room for new a interment at STAR OF DAVID. [Note: this includes OUTER BURIAL CONTAINERS moved any distance whatsoever and in any fashion and any direction, whether it be horizontally, vertically or otherwise.]

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATED TO or REFLECTING any OUTER BURIAL CONTAINER buried in the ground at STAR OF DAVID that was damaged in connection with performing a new interment.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATED TO or REFLECTING HUMAN REMAINS buried at STAR OF DAVID where YOU do not presently know the identity of the deceased whose HUMAN REMAINS are buried at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATED TO or REFLECTING HUMAN REMAINS buried at STAR OF DAVID where YOU, for any period of time, did not know the identity of the deceased whose HUMAN REMAINS are buried, even if YOU now know that information.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATED TO or REFLECTING BURIAL RIGHTS at the STAR OF DAVID where, for any reason whatsoever, the GRAVE SPACE for which the BURIAL RIGHT was purchased is not presently useable, including but not limited to GRAVE SPACES un-useable because someone is already interred in the GRAVE SPACE or an OUTER BURIAL CONTAINER from an adjacent GRAVE SPACE is encroaching into the GRAVE SPACE.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS RELATED TO or REFLECTING BURIAL RIGHTS at STAR OF DAVID where, for any reason whatsoever, the GRAVE SPACE for which the BURIAL RIGHT was purchased was not available at the time the individual holding the BURIAL RIGHT passed away.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS RELATED TO the training of individuals who currently and/or formerly work(ed) at STAR OF DAVID, including but not limited to all DOCUMENTS showing courses attended and/or completed. [Note: This request includes, but is not limited to, the training of YOUR employees and employees of HAUCK who work or worked at STAR OF DAVID.]

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS RELATED TO the training of individuals who currently and/or formerly work(ed) at STAR OF DAVID regarding internment verification, including but not limited to all DOCUMENTS showing courses attended and/or completed. [Note: This request includes, but is not limited to, the training of YOUR employees and employees of HAUCK who work or worked at STAR OF DAVID.]

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS RELATED TO the any contracts or agreements with HAUCK to provide personnel or employees for work at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS RELATED TO Jerry Bruckheimer.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS RELATED TO or REFLECTING any COMMUNICATIONS between YOU and Jerry Bruckheimer and/or his agents or attorneys RELATED TO any interment.

12

\*     \*     \*

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished for personal service/hand delivery this 11th day of April, 2012 to:

SCI FUNERAL SERVICES OF FLORIDA, INC.
c/o The Prentice-Hall Corporation System, Inc.
1201 Hays Street, Suite 105
Tallahassee, FL 32301

                    Edward M. Ricci, Esq.
                    EDWARD M. RICCI, P.A.
                    303 Banyan Boulevard
                    Suite 400
                    West Palm Beach, FL 33401
                    Tele: 561-842-2820
                    Fax: 561-844-6929

                    By: _____
                    Edward M. Ricci, Esq.
                    Florida Bar No.: 185673
                    Attorneys for Plaintiffs

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this 11th day of April, 2012 to:

SERVICE CORPORATION INTERNATIONAL
c/o Corporation Service Company DBA CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

ALDERWOODS GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

MHI GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

13

FUNERAL SERVICES ACQUISITION GROUP
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

FUNERAL SERVICES ACQUISITION GROUP, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

HAUCK ENTERPRISES, LTD.
c/o Agents and Corporations, Inc.
300 Fifth Avenue South, Suite 101-330
Naples, FL 34102

RUSTY SCOTT
5411 Okeechobee Boulevard
West Palm Beach, Florida 33417

Edward M. Ricci, Esq.
EDWARD M. RICCI, P.A.
303 Banyan Boulevard
Suite 400
West Palm Beach, FL 33401
Tele: 561-842-2820
Fax: 561-844-6929

By: _____
Edward M. Ricci, Esq.
Florida Bar No.: 185673
Attorneys for Plaintiffs

14

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY
FLORIDA

DAVID ZINN, an individual, and MICHAEL
GRAFF, an individual, on behalf of themselves
and all others similarly situated,

CASE NO: 2012CA006536AG

<u>CLASS REPRESENTATION</u>

<u>Plaintiffs</u>,

vs.

SERVICE CORPORATION INTERNATIONAL,
a Texas corporation; SCI FUNERAL SERVICES
OF FLORIDA, INC., a Florida corporation;
ALDERWOODS GROUP, INC., a Delaware
corporation; MHI GROUP, INC., a Florida
corporation; FUNERAL SERVICES
ACQUISITION GROUP, a Florida corporation;
FUNERAL SERVICES ACQUISITION GROUP,
LLC, a Florida limited liability company;
HAUCK ENTERPRISES, LTD., a Texas
corporation; and RUSTY SCOTT, an individual.

<u>Defendants</u>.
_____/

FILED
2012 APR 11 PM 4: 25
SHARON R. BOCK, CLERK
PALM BEACH COUNTY, FL
CIRCUIT CIVIL 3

## <u>PLAINTIFF DAVID ZINN'S FIRST REQUEST TO PRODUCE TO</u>

## <u>DEFENDANT SERVICE CORPORATION INTERNATIONAL</u>

In accordance with Florida Rule of Civil Procedure 1.350, Plaintiff David Zinn, by and
through his attorneys, demands that Defendant Service Corporation International produce the
items and matters hereinafter set forth.

YOUR ATTENTION IS INVITED TO THE REQUIREMENTS OF RULE 1.350
WHEREIN THE PARTY TO WHOM THIS REQUEST IS DIRECTED IS REQUIRED
TO SERVE A WRITTEN RESPONSE HERETO WITHIN 30 DAYS AFTER SERVICE
OF THE REQUEST, EXCEPT THAT A DEFENDANT MAY SERVE A RESPONSE
WITHIN 45 DAYS AFTER SERVICE OF THE PROCESS AND INITIAL PLEADING

1

ON THAT DEFENDANT SUBJECT TO THE ALLOWANCE OF A SHORTER OR LONGER TIME BY THE COURT.

IT IS REQUIRED THAT ALL COPIES OF ITEMS PRODUCED BE AT LEAST FULL SIZE (8 ½ X 11 OR 8 ½ X 14) AND LEGIBLE.

## DEFINITIONS

The following definitions are applicable to these Requests to Produce:

1.　The word "DOCUMENT(S)" is used in the broadest sense to include all forms of tangible expression, including, but not limited to, correspondence; written, typed, punched, encoded, printed, recorded, magnetic, graphics, or photographic material; or material transmitted by facsimile; mechanical recordings; sound or visual reproductions; drawings or sketches; or any other retrievable data or information, however stored, recorded or coded, whether by computer, electronically or some other means, including electronic mail, computer data bases, computer disks, computer diskettes or any other computer-generated or stored message, communications, writing or compilation.

2.　The term "RELATED TO" and "REFLECTING" as used herein shall mean shall mean relating to, reflecting, evidencing, memorializing, referring, refuting, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, and/or otherwise relating to in any way, in whole or in part, the subject matter referred to in the request.

3.　The term "COMMUNICATION" as used herein shall mean and refer to any contact between two or more persons or entities including without limitation, correspondence or oral contact by such means as face-to-face or in-person meetings, telephone conversations, email, or any other form of electronic COMMUNICATION, and shall include, without limitation, written contacts by such means as any DOCUMENTS.

4.　The terms "YOU" and "YOUR" as used herein shall refer to the Defendant SERVICE CORPORATION INTERNATIONAL, and/or all of its predecessors, successors in

2

interest, officers, directors, employees, agents, attorneys, parents, subsidiaries, divisions, affiliates, and/or any individual or entity acting on its behalf.

5.  The term "HAUCK" as used herein shall refer to the Defendant HAUCK ENTERPRISES, LTD. and/or all of its predecessors, successors in interest, officers, directors, employees, agents, attorneys, parents, subsidiaries, divisions, affiliates, and/or any individual or entity acting on its behalf.

6.  STAR OF DAVID refers to Star of David Memorial Gardens Cemetery and Funeral Chapel & Bailey Memorial Gardens located at 7701 Bailey Road, North Lauderdale, Florida.

7.  The term "HUMAN REMAINS" as used herein shall having the same meaning as that set forth in Fla. Stat. § 497.005(38).

8.  The terms "BURIAL MERCHANDISE" and "FUNERAL MERCHANDISE" shall have the same meaning as that set forth in Fla. Sta. § 497.005(6).

9.  The term "BURIAL RIGHT" shall have the same meaning as that set forth in Fla. Sta. § 497.005(7).

10. The term "GRAVE SPACE" shall have the same meaning as that set forth in Fla. Sta. § 497.005(37).

11. The term "DISINTERMENT" shall have the same meaning as that set forth in Fla. Sta. § 497.005(29).

12. The term "LEGALLY AUTHORIZED PERSON" shall have the same meaning as that set forth in Fla. Sta. § 497.005(39).

13. The term "OUTER BURIAL CONTAINER" and "OBC" shall have the same meaning as that set forth in Fla. Sta. § 497.005(50).

14. The term "ALDERWOODS" refers to Alderwoods Group, Inc. and/or all of its predecessors, successors in interest, officers, directors, employees, agents, attorneys, parents, subsidiaries, divisions, affiliates, and/or any individual or entity acting on its behalf.

3

15. The term "NEAL W. HIRSCHFELD" refers to attorney Neal W. Hirschfeld of the Greenspoon Marder law firm, and to any partners, shareholders, employees, associates, paralegals, secretaries, agents, and/or any individual or entity acting on his behalf or on behalf of the Greenspoon Marder law firm.

16. The term "STEVEN SINGER" refers to attorney Steven Singer and to any partners, shareholders, employees, associates, paralegals, secretaries, agents, and/or any individual or entity acting on his behalf or on behalf of the law firm with which Mr. Singer is associated.

17. The term "STEVEN OSBER" refers to attorney Steven Osber and to any partners, shareholders, employees, associates, paralegals, secretaries, agents, and/or any individual or entity acting on his behalf or on behalf of the law firm with which Mr. Osber is associated.

## INSTRUCTIONS

1. To the extent DOCUMENTS are being produced in the form in which they are kept during the normal course of business, exact duplicates need not be produced more than once.   To the extent DOCUMENTS are bring produced in response to individual requests, produce all DOCUMENTS responsive to the Request.   To the extent DOCUMENTS have previously been produced, duplicates need not be produced so long as the responsive DOCUMENTS are identified by bates number.

2. If you claim that a DOCUMENT was lost or destroyed, for each DOCUMENT that you claim was lost or destroyed, state fully:

      a.   the date the DOCUMENT was created;

      b.   the author(s) of the DOCUMENT;

      c.   the title of the DOCUMENT;

      d.   a description of the DOCUMENT;

      e.   the number of pages of the DOCUMENT;

      f.   the recipient(s) of the DOCUMENT; designated or otherwise;

4

g.  the name and address of the last known custodian of the DOCUMENT;

h.  the date the DOCUMENT was lost or destroyed;

i.  the reason for the destruction of the DOCUMENT, if known;

j.  the name(s) and address(es) of any person(s) who have knowledge of any facts surrounding the loss or destruction of the DOCUMENT.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATED TO or REFLECTING any COMMUNICATIONS between YOU and NEAL W. HIRSCHFELD during the time period January 1, 2008 to the present.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO or REFLECTING any COMMUNICATIONS between YOU AND STEVEN SINGER during the time period January 1, 2008 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATED TO or REFLECTING any COMMUNICATIONS between YOU AND STEVEN OSBER during the time period January 1, 2008 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All deposition transcripts and sworn statements from January 1, 2008 to the present, which relate in any way to STAR OF DAVID and/or conduct at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATED TO or REFLECTING the employment of Danny or Daniel Behrend.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATED TO or REFLECTING the employment of Alan Fogelman.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATED TO or REFLECTING the employment of Edward Ashton.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATED TO or REFLECTING the dumping of any items (including but not limited to HUMAN REMAINS, BURIAL MERCHANDISE, and/or FUNERAL MERCHANDISE) in any body of water bordering, in whole or in part, STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATED TO or REFLECTING any work related travel by Steve Parker to Houston, Texas during the month of March 2012, including but not limited to all documents RELATED TO OR REFLECTING the purpose of the travel.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATED TO or REFLECTING any allegation of, or inquiry into, missing or misplaced body parts, limbs and/or HUMAN REMAINS at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATED TO or REFLECTING any grave disturbances at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATED TO or REFLECTING any OUTER BURIAL CONTAINER adjustments (e.g. "slide overs") at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATED TO or REFLECTING any misplacement of, or improper internment of, HUMAN REMAINS at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATED TO or REFLECTING any interment of Sidney or Betty Hyde, including but not limited to any COMMUNICATIONS regarding their HUMAN REMAINS.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATED TO or REFLECTING any interment of Miriam Advokat, including but not limited to any COMMUNICATIONS regarding their HUMAN REMAINS.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATED TO or REFLECTING YOUR acquisition of STAR OF DAVID, including but not limited to all due diligence related DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATED TO or REFLECTING any remediation efforts and/or remedial measures at STAR OF DAVID taken before April 5, 2012.

**REQUEST FOR PRODUCTION NO. 18:**

All movies or television shows permitted to be filmed at STAR OF DAVID during the time period January 1, 2008 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATED TO or REFLECTING any movies or television shows permitted to be filmed at STAR OF DAVID during the time period January 1, 2008 to the present.

**REQUEST FOR PRODUCTION NO. 20:**

All closing DOCUMENTS RELATED TO or REFLECTING YOUR acquisition of ALDERWOODS, including all due diligence related DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATED TO or REFLECTING any interviews of persons currently or formerly working at STAR OF DAVID RELATED TO OR REFLECTING allegations of misconduct, grave disturbances, OUTER BURIAL CONTAINER adjustments, and/or missing or misplaced HUMAN REMAINS.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATED TO or REFLECTING or REFLECTING individuals interred in a GRAVE SPACE at STAR OF DAVID other than the GRAVE SPACE for which they purchased the BURIAL RIGHT. [Note: This request applies regardless of whether the

8

individual is still interred in a GRAVE SPACE other than the one for which he or she purchased the BURIAL RIGHT.]

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATED TO or REFLECTING or REFLECTING GRAVE SPACES at STAR OF DAVID for which the BURIAL RIGHT the GRAVE SPACE has been sold more than once.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATED TO or REFLECTING or REFLECTING any presently unoccupied GRAVE SPACES at STAR OF DAVID where an OUTER BURIAL CONTAINER buried in an adjacent GRAVE SPACE is encroaching into the presently unoccupied GRAVE SPACE.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATED TO or REFLECTING any occupied GRAVE SPACES at STAR OF DAVID where, prior to the GRAVE SPACE being occupied, an OUTER BURIAL CONTAINER buried in an adjacent GRAVE SPACE encroached into the now occupied GRAVE SPACE.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATED TO or REFLECTING any DISINTERMENT performed at STAR OF DAVID without the consent of the LEGALLY AUTHORIZED PERSON.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATED TO or REFLECTING any OUTER BURIAL CONTAINER buried in the ground being moved at STAR OF DAVID without the consent of the LEGALLY AUTHORIZED PERSON.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATED TO or REFLECTING any HUMAN REMAINS moved at STAR OF DAVID without the consent of the LEGALLY AUTHORIZED PERSON.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATED TO or REFLECTING any OUTER BURIAL CONTAINER buried in the ground being moved to make room for new a interment at STAR OF DAVID. [Note: this includes OUTER BURIAL CONTAINERS moved any distance whatsoever and in any fashion and any direction, whether it be horizontally, vertically or otherwise.]

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATED TO or REFLECTING any OUTER BURIAL CONTAINER buried in the ground at STAR OF DAVID that was damaged in connection with performing a new interment.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATED TO or REFLECTING HUMAN REMAINS buried at STAR OF DAVID where YOU do not presently know the identity of the deceased whose HUMAN REMAINS are buried at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATED TO or REFLECTING HUMAN REMAINS buried at
STAR OF DAVID where YOU, for any period of time, did not know the identity of the deceased
whose HUMAN REMAINS are buried, even if YOU now know that information.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATED TO or REFLECTING BURIAL RIGHTS at the STAR
OF DAVID where, for any reason whatsoever, the GRAVE SPACE for which the BURIAL
RIGHT was purchased is not presently useable, including but not limited to GRAVE SPACES
un-useable because someone is already interred in the GRAVE SPACE or an OUTER BURIAL
CONTAINER from an adjacent GRAVE SPACE is encroaching into the GRAVE SPACE.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS RELATED TO or REFLECTING BURIAL RIGHTS at STAR OF
DAVID where, for any reason whatsoever, the GRAVE SPACE for which the BURIAL RIGHT
was purchased was not available at the time the individual holding the BURIAL RIGHT passed
away.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS RELATED TO the training of individuals who currently and/or
formerly work(ed) at STAR OF DAVID, including but not limited to all DOCUMENTS showing
courses attended and/or completed. [Note: This request includes, but is not limited to, the
training of YOUR employees and employees of HAUCK who work or worked at STAR OF
DAVID.]

11

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS RELATED TO the training of individuals who currently and/or formerly work(ed) at STAR OF DAVID regarding internment verification, including but not limited to all DOCUMENTS showing courses attended and/or completed. [Note: This request includes, but is not limited to, the training of YOUR employees and employees of HAUCK who work or worked at STAR OF DAVID.]

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS RELATED TO the any contracts or agreements with HAUCK to provide personnel or employees for work at STAR OF DAVID.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS RELATED TO Jerry Bruckheimer.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS RELATED TO or REFLECTING any COMMUNICATIONS between YOU and Jerry Bruckheimer and/or his agents or attorneys RELATED TO any interment.

*   *   *

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished for personal service/hand delivery this 11th day of April, 2012 to:

SERVICE CORPORATION INTERNATIONAL
c/o Corporation Service Company DBA CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

                                    Edward M. Ricci, Esq.
                                    EDWARD M. RICCI, P.A.
                                    303 Banyan Boulevard
                                    Suite 400
                                    West Palm Beach, FL 33401
                                    Tele: 561-842-2820
                                    Fax: 561-844-6929

By:_____
                                    Edward M. Ricci, Esq.
                                    Florida Bar No.: 185673
                                    Attorneys for Plaintiffs

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail this 11th day of April, 2012 to:

SCI FUNERAL SERVICES OF FLORIDA, INC.
c/o The Prentice-Hall Corporation System, Inc.
1201 Hays Street, Suite 105
Tallahassee, FL 32301

ALDERWOODS GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

MHI GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

13

FUNERAL SERVICES ACQUISITION GROUP
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

FUNERAL SERVICES ACQUISITION GROUP, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

HAUCK ENTERPRISES, LTD.
c/o Agents and Corporations, Inc.
300 Fifth Avenue South, Suite 101-330
Naples, FL 34102

RUSTY SCOTT
5411 Okeechobee Boulevard
West Palm Beach, Florida 33417

                          Edward M. Ricci, Esq.
                          EDWARD M. RICCI, P.A.
                          303 Banyan Boulevard
                          Suite 400
                          West Palm Beach, FL 33401
                          Tele: 561-842-2820
                          Fax: 561-844-6929

                          By: _____
                          Edward M. Ricci, Esq.
                          Florida Bar No.: 185673
                          Attorneys for Plaintiffs

14

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY
FLORIDA

DAVID ZINN, an individual, and  MICHAEL   CASE NO: 2012CA006536AG
GRAFF, an individual, on behalf of themselves
and all others similarly situated,   **CLASS REPRESENTATION**

        Plaintiffs,

vs.

SERVICE CORPORATION
INTERNATIONAL, a Texas corporation; SCI
FUNERAL SERVICES OF FLORIDA, INC., a
Florida corporation; ALDERWOODS
GROUP, INC., a Delaware corporation; MHI
GROUP, INC., a Florida corporation;
FUNERAL SERVICES ACQUISITION
GROUP, a Florida corporation; FUNERAL
SERVICES ACQUISITION GROUP, LLC, a
Florida limited liability company; HAUCK
ENTERPRISES, LTD., a Texas corporation;
and RUSTY SCOTT, an individual.

        Defendants.
_____/

VERIFIED MOTION FOR ADMISSION TO APPEAR *PRO HAC VICE*
PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

      Comes now, Michael J. Avenatti, Movant herein, and respectfully represents the

following:

    1.    Movant resides in Newport Beach, California.  Movant is not a resident of the

        State of Florida.

2.   Movant is an attorney and a member of the law firm Eagan Avenatti, LLP, with offices at 450 Newport Center Drive, Second Floor, Newport Beach, CA 92660, (949) 706-7000.

3.   Movant was retained personally or as a member of the above named law firm within the last ninety (90) days by Plaintiffs to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4.   Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s):

   -   State of California (Bar No. 206929)
   -   U.S. District Court for the Central District of California
   -   U.S. District Court for the Northern District of California
   -   U.S. District Court for the Southern District of California
   -   U.S. Court of Appeals, Sixth Circuit
   -   U.S. Court of Appeals, Ninth Circuit

5.   There are no disciplinary proceeding pending against Movant, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):        N/A

6.   Within the past five (5) years, Movant has not been subject to any disciplinary proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):        N/A

7.   Movant has never been subject to any suspension proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):        N/A

8.  Movant has never been subject to any disbarment proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):          N/A

9.  Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative disciplinary, disbarment, or suspension proceedings.

10. Movant is not an inactive member of The Florida Bar.

11. Movant is not now a member of The Florida Bar.

12. Movant is not a suspended member of The Florida Bar.

13. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

14. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reason therefore and court imposing contempt):
    N/A

15. Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters:

Date of Motion          Case Name     Case Number   Court   Motion granted/Denied
              None  (Counsel last filed such a motion on October 7, 2005)

16. Local counsel of record associated with Movant in this matter is Edward M. Ricci, Edward M. Ricci, P.A., Bar No. 185673, who is an active member in good standing of The Florida Bar and has offices at 303 Banyan Blvd., Suite 400, West Palm Beach, FL 33401 (if local counsel is not an active member of The Florida

Bar in good standing, please provide information as to local counsel's membership status.)

17. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

18. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this case only.

DATED this ___10th___ day of April, 2012.

Michael J. Avenatti
Eagan Avenatti, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660
Tel. (949) 706-7000

STATE OF CALIFORNIA

COUNTY OF ORANGE

I, Michael J. Avenatti, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

_____
Michael J. Avenatti

The foregoing instrument was acknowledged before me this____ day of April, 2012 by Michael J. Avenatti who is personally known to me and who did take an oath.

_____ day of April 2012.

*See attached certificate*
Notary Public (Signature)

*Maritza Nowowiejski*
Printed Name
Commission Number: 1911044

My commission expires: 8/25/12

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

DATED this ____12____ day of ____April____, 2012.

Edward M. Ricci
Edward M. Ricci, P.A.
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
Tel. (561) 842-2820
Florida Bar Number: 185673

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished by U.S. Mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar and to:

SERVICE CORPORATION INTERNATIONAL
c/o Corporation Service Company DBA CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

SCI FUNERAL SERVICES OF FLORIDA, INC.
c/o The Prentice-Hall Corporation System, Inc.
1201 Hays Street, Suite 105
Tallahassee, FL 32301

ALDERWOODS GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

MHI GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

FUNERAL SERVICES ACQUISITION GROUP
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

FUNERAL SERVICES ACQUISITION GROUP, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

HAUCK ENTERPRISES, LTD.
c/o Agents and Corporations, Inc.
300 Fifth Avenue South, Suite 101-330
Naples, FL 34102

RUSTY SCOTT
5411 Okeechobee Boulevard
West Palm Beach, Florida 33417

DATED this _____ day of _____ , 2012.

_____
Michael J. Avenatti, Esq.

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Orange_ }

On _4/10/12_ before me, _Maritza Nowowiejski, Notary Public_,
personally appeared _Michael J. Avenatti_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Place Notary Seal Above

MARITZA NOWOWEJSKI
Commission # 1811088
Notary Public - California
Orange County
My Comm. Expires Aug 25, 2012

---

### OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Verified Motion for Admission to Appear Pro Hac Vice_

Document Date: _4/10/12_                     Number of Pages: _6_

Signer(s) Other Than Named Above: _Edward M. Ricci_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Michael J. Avenatti_
☑ Individual
☐ Corporate Officer --- Title(s): _____
☐ Partner --- ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
☐ Individual
☐ Corporate Officer --- Title(s): _____
☐ Partner --- ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

©2007 National Notary Association • 9350 De Soto Ave., P.O.Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY
FLORIDA

DAVID ZINN, an individual, and  MICHAEL
GRAFF, an individual, on behalf of themselves
and all others similarly situated,

CASE NO: 2012CA006536AG

CLASS REPRESENTATION

        Plaintiffs,

vs.

SERVICE CORPORATION
INTERNATIONAL, a Texas corporation; SCI
FUNERAL SERVICES OF FLORIDA, INC., a
Florida corporation; ALDERWOODS
GROUP, INC., a Delaware corporation; MHI
GROUP, INC., a Florida corporation;
FUNERAL SERVICES ACQUISITION
GROUP, a Florida corporation; FUNERAL
SERVICES ACQUISITION GROUP, LLC, a
Florida limited liability company; HAUCK
ENTERPRISES, LTD., a Texas corporation;
and RUSTY SCOTT, an individual.

        Defendants.

_____/

### VERIFIED MOTION FOR ADMISSION TO APPEAR *PRO HAC VICE* PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Comes now, Jason M. Frank, Movant herein, and respectfully represents the following:

1.      Movant resides in Playa del Rey, California.  Movant is not a resident of the State of Florida.

2.     Movant is an attorney and a member of the law firm Eagan Avenatti, LLP, with offices at 450 Newport Center Drive, Second Floor, Newport Beach, CA 92660, (949) 706-7000.

3.     Movant was retained personally or as a member of the above named law firm within the last ninety (90) days by Plaintiffs to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4.     Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s):

-     State of California (Bar No. 190957)
-     U.S. District Court for the Central District of California
-     U.S. District Court for the Northern District of California
-     U.S. District Court for the Eastern District of Michigan
-     U.S. District Court for the Eastern District of Wisconsin

5.     There are no disciplinary proceeding pending against Movant, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):     N/A

6.     Within the past five (5) years, Movant has not been subject to any disciplinary proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):     N/A

7.     Movant has never been subject to any suspension proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):     N/A

8.     Movant has never been subject to any disbarment proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):     N/A

9.  Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative disciplinary, disbarment, or suspension proceedings.

10. Movant is not an inactive member of The Florida Bar.

11. Movant is not now a member of The Florida Bar.

12. Movant is not a suspended member of The Florida Bar.

13. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

14. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reason therefore and court imposing contempt):

      N/A

15. Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters:

Date of Motion        Case Name     Case Number   Court   Motion granted/Denied

            None

16. Local counsel of record associated with Movant in this matter is Edward M. Ricci, Edward M. Ricci, P.A., Bar No. 185673, who is an active member in good standing of The Florida Bar and has offices at 303 Banyan Blvd., Suite 400, West Palm Beach, FL 33401 (if local counsel is not an active member of The Florida Bar in good standing, please provide information as to local counsel's membership status.)

17.   Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

18.   Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this case only.

DATED this ___10___ day of April, 2012.

Jason M. Frank
Eagan Avenatti, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660
Tel. (949) 706-7000

STATE OF CALIFORNIA

COUNTY OF ORANGE

I, Jason M. Frank, do hereby swear or affirm under penalty of perjury that I am the

Movant in the above-styled matter; that I have read the foregoing Motion and know the contents

thereof, and the contents are true of my own knowledge and belief.

_____
Jason M. Frank

The foregoing instrument was acknowledged before me this____ day of April, 2012 by

Jason M. Frank who is personally known to me and who did take an oath.

_____ day of April 2012.

*See attached certificate*
_____
Notary Public (Signature)

*Maritza Nowbwiejski*
_____
Printed Name
Commission Number: _*1811088*_

My commission expires: *8/25/12*

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

DATED this _____ day of _____, 2012.

_____
Edward M. Ricci
Edward M. Ricci, P.A.
303 Banyan Blvd., Suite 400
West Palm Beach, FL 33401
Tel. (561) 842-2820
Florida Bar Number: 185673

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished by U.S. Mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar and to:

SERVICE CORPORATION INTERNATIONAL
c/o Corporation Service Company DBA CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

SCI FUNERAL SERVICES OF FLORIDA, INC.
c/o The Prentice-Hall Corporation System, Inc.
1201 Hays Street, Suite 105
Tallahassee, FL 32301

ALDERWOODS GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

MHI GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

FUNERAL SERVICES ACQUISITION GROUP
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

FUNERAL SERVICES ACQUISITION GROUP, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

HAUCK ENTERPRISES, LTD.
c/o Agents and Corporations, Inc.
300 Fifth Avenue South, Suite 101-330
Naples, FL 34102

RUSTY SCOTT
5411 Okeechobee Boulevard
West Palm Beach, Florida 33417

DATED this _12th_ day of _April_ , 2012.

_____
Jason M. Frank, Esq.

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Orange_

On _4/10/12_ before me, _Maritza Nowowiejski, Notary Public_,
      Date                              Here Insert Name and Title of the Officer

personally appeared _Jason M. Frank_
                                    Name(s) of Signer(s)

_____

MARITZA NOWOWIEJSKI
Commission # 1811088
Notary Public - California
Orange County
My Comm. Expires Aug 25, 2012

who proved to me on the basis of satisfactory evidence to
be the person(X) whose name(X) is/are subscribed to the
within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(X) on the
instrument the person(X), or the entity upon behalf of
which the person(X) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____
                         Signature of Notary Public

Place Notary Seal Above

────────────────────── OPTIONAL ──────────────────────
*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Verified Motion for Admission to Appear Pro Hac Vice_

Document Date: _4/10/12_                          Number of Pages: _8_

Signer(s) Other Than Named Above: _Edward M. Ricci_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Jason M. Frank_
☒ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O.Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY
FLORIDA

DAVID ZINN, an individual, and MICHAEL
GRAFF, an individual, on behalf of themselves
and all others similarly situated,

CASE NO: 2012CA006536AG

**CLASS REPRESENTATION**

     Plaintiffs,

vs.

SERVICE CORPORATION
INTERNATIONAL, a Texas corporation; SCI
FUNERAL SERVICES OF FLORIDA, INC., a
Florida corporation; ALDERWOODS
GROUP, INC., a Delaware corporation; MHI
GROUP, INC., a Florida corporation;
FUNERAL SERVICES ACQUISITION
GROUP, a Florida corporation; FUNERAL
SERVICES ACQUISITION GROUP, LLC, a
Florida limited liability company; HAUCK
ENTERPRISES, LTD., a Texas corporation;
and RUSTY SCOTT, an individual.

     Defendants.

            /

---

### VERIFIED MOTION FOR ADMISSION TO APPEAR *PRO HAC VICE* PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Comes now, Scott H. Sims, Movant herein, and respectfully represents the following:

 1.  Movant resides in Newport Beach, California. Movant is not a resident of the
    State of Florida.

2.    Movant is an attorney and a member of the law firm Eagan Avenatti, LLP, with offices at 450 Newport Center Drive, Second Floor, Newport Beach, CA 92660, (949) 706-7000.

3.    Movant was retained personally or as a member of the above named law firm within the last ninety (90) days by Plaintiffs to provide legal representation in connection with the above-styled matter now pending before the above-named court of the State of Florida.

4.    Movant is an active member in good standing and currently eligible to practice law in the following jurisdiction(s):

   -    State of California (Bar No. 234178)
   -    U. S. District Court for the Central District of California
   -    U.S. District Court for the Southern District of California
   -    U.S. District Court for the Eastern District of California
   -    U.S. Court of Appeals, Ninth Circuit

5.    There are no disciplinary proceeding pending against Movant, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):      N/A

6.    Within the past five (5) years, Movant has not been subject to any disciplinary proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):      N/A

7.    Movant has never been subject to any suspension proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):      N/A

8.    Movant has never been subject to any disbarment proceedings, except as provided below (give jurisdiction of disciplinary action, date of disciplinary action, nature of the violation and the sanction, if any, imposed):      N/A

9.    Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative disciplinary, disbarment, or suspension proceedings.

10.   Movant is not an inactive member of The Florida Bar.

11.   Movant is not now a member of The Florida Bar.

12.   Movant is not a suspended member of The Florida Bar.

13.   Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

14.   Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reason therefore and court imposing contempt):

      N/A

15.   Movant has filed motion(s) to appear as counsel in Florida state courts during the past five (5) years in the following matters:

Date of Motion        Case Name     Case Number  Court   Motion granted/Denied

              None

16.   Local counsel of record associated with Movant in this matter is Edward M. Ricci, Edward M. Ricci, P.A., Bar No. 185673, who is an active member in good standing of The Florida Bar and has offices at 303 Banyan Blvd., Suite 400, West Palm Beach, FL 33401 (if local counsel is not an active member of The Florida Bar in good standing, please provide information as to local counsel's membership status.)

17. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

18. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this case only.

DATED this _____11th_____ day of April, 2012.

Scott H. Sims
Eagan Avenatti, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660
Tel. (949) 706-7000

STATE OF CALIFORNIA

COUNTY OF ORANGE

I, Scott H. Sims, do hereby swear or affirm under penalty of perjury that I am the Movant

in the above-styled matter; that I have read the foregoing Motion and know the contents thereof,

and the contents are true of my own knowledge and belief.

_____
Scott H. Sims

The foregoing instrument was acknowledged before me this____ day of April, 2012 by

Scott H. Sims who is personally known to me and who did take an oath.

_____day of April 2012.

_See attached certificate_
Notary Public (Signature)

Morgan Kazuko Wibos
Printed Name
Commission Number: 1929392

My commission expires: 3/20/15

I hereby consent to be associated as local counsel of record in this cause pursuant to Florida Rule of Judicial Administration 2.510.

DATED this ___12___ day of ___April___, 2012.

Edward M. Ricci
Edward M. Ricci, P.A.
303 Banyan Blvd., Suite 400
West Palm Beach, FL  33401
Tel. (561) 842-2820
Florida Bar Number: 185673

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished

by U.S. Mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee,

Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The

Florida Bar and to:

SERVICE CORPORATION INTERNATIONAL
c/o Corporation Service Company DBA CSC – Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

SCI FUNERAL SERVICES OF FLORIDA, INC.
c/o The Prentice-Hall Corporation System, Inc.
1201 Hays Street, Suite 105
Tallahassee, FL 32301

ALDERWOODS GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

MHI GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

FUNERAL SERVICES ACQUISITION GROUP
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

FUNERAL SERVICES ACQUISITION GROUP, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

HAUCK ENTERPRISES, LTD.
c/o Agents and Corporations, Inc.
300 Fifth Avenue South, Suite 101-330
Naples, FL 34102

RUSTY SCOTT
5411 Okeechobee Boulevard
West Palm Beach, Florida 33417

DATED this ___12th___ day of _____April_____, 2012.

_____
Scott H. Sims, Esq.

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

State of California

County of Orange                            }

On 4/11/2012 before me, Morgan Kazuko Witos, Notary Public
        Date                                    Here Insert Name and Title of the Officer

personally appeared   Scott Howard Sims
                                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

MORGAN KAZUKO WITOS
Commission # 1929392
Notary Public - California
Orange County
My Comm. Expires Mar 20, 2015

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Morgan Kazuko Witos_
                      Signature of Notary Public

Place Notary Seal Above

**OPTIONAL**

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: Verified Motion for Admission to Appear Pro Hac Vice

Document Date: 4/11/2012                          Number of Pages: 8

Signer(s) Other Than Named Above: Edward M. Ricci

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: Scott Howard Sims            Signer's Name: _____
☐ Corporate Officer — Title(s): _____     ☐ Corporate Officer — Title(s): _____
☑ Individual                                 ☐ Individual
☐ Partner — ☐ Limited ☐ General             ☐ Partner — ☐ Limited ☐ General
☐ Attorney In Fact                          ☐ Attorney In Fact
☐ Trustee                                   ☐ Trustee
☐ Guardian or Conservator                   ☐ Guardian or Conservator
☐ Other: _____                    ☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____             Signer Is Representing: _____

© 2010 National Notary Association · NationalNotary.org · 1-800-US NOTARY (1-800-876-6827)                    Item #5907



UNITED STATES POSTAGE
PITNEY BOWES

02 1P        $ 001.700
0004454609  APR 12 2012
MAILED FROM ZIP CODE 92660

**Eagan**
**Avenatti** LLP

450 Newport Center Dr.
2nd Floor
Newport Beach, CA 92660

MHI GROUP, INC.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525